Thank you, Your Honor. As you indicated, my name is Tom Falls, and I represent the appellants. And to get right to the point, I'll read you my summary first, or go over my summary, of what I'm going to prove. The claim is for a fee share of entitlements that were created in this litigation by my efforts. And these entitlements are not subject to the exclusion for money damages in the immunity waiver section of 702. And sovereign immunity is also waived under the Equal Access for Justice Act, 28 U.S.C. 2412b. Well, Mr. Falls, maybe you could help me, since our time is limited. Regarding the sovereign immunity, which is obviously the first thing that we have, we won't get to the second one if we resolve it on the first one, depending on which way. What is your best argument, supported by authority, that would permit this Court to ignore the Supreme Court's statement in Department of Navy v. Blue Fox that equitable liens, by their nature, constitute substitute or compensatory relief rather than specific relief, and that, therefore, a claim seeking a request for an equitable lien does not seek relief other than money damages? That's what I'm struggling with. So how do you, what's your best authority that doesn't end the inquiry here? All right. These claims are for, to begin with, are for awards that are entitlements. And they are not for a substitute remedy for a money or monetary loss, which was the situation in the Blue Fox case. Rather, these claims for an entitlement are not the substitute category, as in Blue Fox, but these are what they call a specific claims for a specific remedy to give the claimant the very thing to which he is entitled. Which is $150,000, right? Yes. Now, the case in support of that is the case of Boeing v. Massachusetts, and which incidentally was referenced in the Fox case, the Boeing v. Massachusetts. Massachusetts tried to get back some advance payments that were due them from the HHS, which was denied. The same waiver of, the same exemption to the 702 waiver as being money damages was brought up in that case, and the court decided, no, these are not claims for a substitute relief for money damages. These are claims for something that the claimant is entitled to. And they call that a specific remedy, and they cited the authority from Dobbs, the section number who wrote one of the treatises on that. The second point I have in the same regard, Your Honor, is that when the, excuse me, when the Department of Labor set up this whole program, they had provision in there for how disappointed clients could get. Hold on one second. Do we know what's causing that? No. Does that hurt your ears? No, I'm fine. Okay. Can we get Dennis to come in? Because it may be distracting to the advocates. Excuse me. They set up this provision, the Department of Labor, on how disappointed clients could get a remedy, and they pointed out that they had a remedy under the Administrative Procedures Act. Now, that Administrative Procedures Act does give a remedy for all claims of alleged misconduct or misdeed by the agency. And I think I might be getting too close to this. And as a consequence, the way they get their judicial relief is through the APA, the Administrative Procedures Act, 702. Well, I guess that's part of it, too. First, you have your sovereign immunity argument, and then you have your common fund argument. But it seems to me that there can be an argument made that you're trying to do by indirection what you can't do by direction. Because this whole procedure that's set up here, it says they get $150,000, and it appears they were initially denied because their illness wasn't in the class, right? And then due to excellent work on your part, you got them included in a class so that they get the $150,000. But then you have, in that particular scheme, your attorney's fees are limited by Congress to a certain amount, correct? No. They are not. There's a case law. It's a common fund case, a common fund recovery case. There's a case law from this circuit. There's a number of attorneys. The Grappletee, I could give you the site. It's a 1989 case in which the attorneys had a contingency fee agreement to represent a number, about 30 percent of the persons that were claiming recovery for the timeshare agreements, timeshare condos that were damaged. These attorneys did not represent the other 70 percent. But is this an APA case? The case that you're talking about? No. What it is, this is a case under the Equal Access for Justice, which also weighs sovereign immunity, and for any claim, for any attorney fee that results from a violation or any claim for a violation under the common law, and the case history of the common law fund cases state that the common law fund, or the common law for which immunity is waived, the common law includes common fund cases. And so that was a common fund case that I'm just reciting to you. Are you saying that? Like my case is. So the other 70 percent of the condo owners, which were not represented by this law firm, but were benefited because of that law firm's efforts. So the case decided that the law firm got their 30 percent contingency from their own clients, but for the common fund that they created under this exception, this Equal Access to Justice Act, the common fund that they created, which was 70 percent of the other owners, they had to pay a common fund contingency fee of 20 percent to this law firm. So this case, this Ninth Circuit case that I cited to you, provides that the attorney that does the work gets both what he was promised under his arrangement with his client, plus he gets a special reward on top of that for what he's done for all of the other people that were not represented. Now, they used as a basis for this, they went way back 108 years to the case of the Taconic v. Pettis. But the case that you cite, were those taxpayer dollars that we're talking about? Yes, they are. Just a minute. No. No. Sorry. My correction. They were not taxpayer dollars. Okay. Well, this is what, in your common fund argument here, we have that, you know, we have taxpayer money going, you know, set aside by the government to reimburse people that at the time we didn't know that they were being injured and now that we do. And the statutory scheme sets out that, I don't know, the lawyers get like 2 percent or something like that. Now, why would, if the courts were to accept this, essentially we would be taking, you know, 30, 40 percent of taxpayer money that Congress wanted to go to the victims when they set it up. They didn't want it all to go to attorney's fees. Yes, sure. Certainly, Your Honor. But what I'm trying to say is that this Blue Fox case assumed that the claim being made against the U.S. Army was for money damages. The Bowen v. Massachusetts case, again, it's a claim against the government, pointed out that what the claimants were trying to get in that case was what they were, an entitlement to which they were already, it was the very thing that they were entitled and therefore did not constitute money damages. And therefore they permitted a recovery in that case against the government. Well, you have to get past the sovereign immunity before you even get to the common fund. Yes, so really right on that point alone, on that point alone, they held that Massachusetts was entitled to the benefit of the sovereign immunity furnished by Section 702 of the APA. Now, again, we get back to that exception. If it's money damages, then that sovereign immunity doesn't apply. But if it's not money damages, if it's a specific remedy which they distinguished for the very thing to which the person was entitled, if it's an entitlement, then that sovereign immunity under 702 does apply. Mr. Foulds, you've got, it's entirely up to you. Yes. You have just a little over two minutes left. Okay. So if you want to make a rebuttal argument, you'd have to stop and reserve that time for rebuttal. Thank you. Or you can just proceed, whatever you prefer. All right. I would like to bring up again the Equal Access to Justice Act, which provides attorney fees for representation in any case under which there is a representation in claims against the government for any case which the government would be liable under the same as any other person would be liable under common law. Did you have a written fee agreement with anybody under any circumstances relating to this case? Excuse me, sir? Did you have a fee agreement with anybody with respect to fees in this case? Yes, I did, sir. I had a fee agreement with the three plaintiffs that are the subject of this case. They're the people that employed you. They ought to pay the fee, shouldn't they? And they paid me. All right. Okay. My point here is, in accordance with the law, in the process of getting them a recovery, in effect by creating this SEC for them, I also created a recovery for everyone else that I didn't represent that was in the same cohort. When you undertook the employment, did you have an express waiver of the fees from others that may have been? No, I didn't. As a matter of fact, Your Honor, I had no way of knowing who they were. These are claimants. So you were just hired to take care of the personal business for three clients, and they paid you? Yes, I was, Your Honor. And now that the government paid other people, you want part of their money, right? Well, yes. That's right, Your Honor. Because the other people, under the principle of a common fund, they all benefited. And it's going to go. Where is the common fund expressed in the common law? And that's the way you argued it. Oh, yes. It goes back to an 1885 case that started the concept as Trustees versus Greenhalgh. And they decided in that case that the person, our persons, that for their own benefit, their actions also create a benefit for other people subject to the same situation that the small group is. And when they create that benefit for the other people, that is the birth of a common fund doctrine, which I may say exists to this present day and has been applied in a number of cases. Mr. Fulcher, you're over your full time. Okay. So I think we'll have to wrap it up. We'll give you another minute. We'll give you a minute for rebuttal in any event. All right. Thank you. Thank you, sir. Now we'll hear from the Department of Labor, the Assistant U.S. Attorney, Mr. Tangveld. Yes. Am I pronouncing that right? Close, Your Honor. My name is Rolf Tangveld. I'm an Assistant United States Attorney from Spokane, Washington. And I represent the Department of Labor and the National Institute for Occupational Safety and Health, which I'll refer to as NIOSH today. I think that Judge Callahan addressed the issue early on, and that's Blue Fox. The issue here is sovereign immunity, the first issue. And Blue Fox, I think, is pretty close on point on the matter. I hope I'm not quoting the exact same language that Your Honor quoted, but liens, whether equitable or legal, are merely a means to the end of satisfying a claim for the recovery of money. Indeed, equitable liens by their nature constitute substitute or compensatory relief rather than specific relief. That quote out of Blue Fox is important because the APA only removes United States sovereign immunity for claims other than money damages. If we view the equitable lien as a claim for compensatory relief, rendering the APA waiver inapplicable, do we ever reach the common fund issue? No, Your Honor, because sovereign immunity hasn't been waived. And if sovereign immunity hasn't been waived, it's incumbent on Mr. Foltz to identify how he can sue for this action. And if there is no waiver of sovereign immunity, we don't get to the merits of the case. Does Mr. Foltz have a potential remedy against the other persons paid by the government? There's an estimate between 350 to 400 individuals that might fall under the special exception cohort, DuPont workers that worked out at the Hanford site. I don't represent them. But I can tell you that the money that's being requested is not government money. This isn't money in addition to the $150,000 award. This is part of the $150,000 award. The third argument that the United States made is that those individuals need to be a party. So to answer your question, I don't know whether or not Mr. Foltz has an ability to proceed against those individuals. I would suggest that he would have to proceed against them individually if he wants to take some of their money. And that's not presented here. It's not presented here. Or he would have an unjust enrichment or quantum merit claim. Right, Your Honor. The only question here is the first thing. And do you think controlling the issue is, is there a waiver of sovereign immunity? That's definitely the first issue, Your Honor. If not under Blue Fox, that's a barrier to the suit. Yes, Your Honor, it's a barrier to the suit because the Administrative Procedures Act does not waive sovereign immunity for claims other than money damages. And this is a money damage claim, $150,000. If you assume, though, for purposes of argument, a proper waiver of sovereign immunity and the application of the common fund theory is otherwise appropriate, how is it that the district court's lack of personal jurisdiction over all new SEC members precludes by itself application of the common fund theory in light of the Supreme Court's statements in Boeing, which I think he cited regarding the treatment of absentee class members? Yes, Your Honor. The Blue Fox case corrected Boeing in that Boeing talked about equitable versus non-equitable. And the Blue Fox case said the real distinction is specific remedies versus compensatory remedies. To answer your question directly, there is a common fund theory. There is something that exists that's been recognized in the circuit for the common fund theory. In situations where the court has carved out a pool of money through litigation, then the court has jurisdiction over the money rather than over the people. And, therefore, the court can determine how that money, that common fund, gets dispersed. And it's because of the action of the attorney in litigation that the court got the jurisdiction to begin with. Judge Whaley was right on point with this in his order. In this case, the fund isn't a judicial creation. It's a creation of- So, I mean, essentially that Judge Whaley would have had to call the Treasury and say, I want you to cut checks in this amount here, there, and the other. But he doesn't. He has no control over the money. Yes, Your Honor. We would have to assume not only the waiver of sovereignty, but we would have to assume jurisdiction over the Treasury. And I think that, again, Blue Fox, and if I could be so bold to quote it again, I think it talks, and this is at page 264 of the opinion I'm paraphrasing, sovereign immunity bars creditors from attaching or garnishing funds in the Treasury or enforcing liens against property owned by the United States. So with respect to Your Honor's question, I think that Blue Fox is also instructive. I have a question also that I want to sort of confirm your position on. I'd like you to confirm whether it is the government's position that a common fund can never be created where work is performed in an administrative proceeding, simply by virtue of the fact that the proceeding is administrative as opposed to judicial. Your answering brief does not appear to argue as much, but this clarification would be helpful for me. Yes, Your Honor. If you're asking where this attorney is standing before you, you can think of a way in which a common fund theory might be applicable. The only way that I can think of is maybe through EJIA with the notion of a causal relationship, that the lawsuit had a causal relationship with respect to what happened at the administrative level. In my reading preparing for today's argument, that seemed to be a potential, not applicable in this case, but a potential that the common fund theory might be able to be utilized. However, absent that, I can think of nothing else, or no other exceptions to what Your Honor has requested or suggested. The general rule would be that a common fund theory is inapplicable in administrative proceedings because the court doesn't have jurisdiction over the fund. Now, Mr. Foulds raises, I think, for the first time on appeal, that there's a Washington attorney-ling statute that provides the court with subject matter jurisdiction. I mean, other than that it's raised for the first time on appeal, and that would be, there could be an argument of waiver. Did you want to say anything on that point? I would, Your Honor. The issue there, I think, is, and I would cite, it's Lane v. Penna, which is a Supreme Court authority. I would suggest, first off, that the State of Washington cannot waive the United States' sovereign immunity. But Lane v. Penna, and I don't have it here in front of me, but it talks about a waiver of sovereign immunity has to be construed in favor of the United States, and it has to be expressly set forth in the statute. And you'll find nothing in RCW 60 that talks about the expressly set forth. It would be the case that if there's sovereign immunity of the Federal Government, we don't really get into a construction of the rights under the State attorney-ling statute. I believe that's true, Your Honor, although I think that the argument that was made on brief for the first time is that the attorney-ling statute itself is a waiver of sovereign immunity. And what I'm suggesting to the panel is that that's not a waiver of sovereign immunity for a number of reasons. Okay. One of them is Lane v. Penna, which is a Supreme Court opinion that says the – and also Blue Fox says the same thing, that the language has to be expressly set forth in the statute. And when you read the attorney-ling statute under RCW 60, there's nothing that says – and we would all imagine that this would be the case – that the attorney-ling statute waives the United States' sovereign immunity. It doesn't. Second, there's no authority to support the proposition other than the argument. I'm sorry. Is there any – I'm just assuming that we – I'm making all these assumptions for purposes of argument that Blue Fox is controlling here and that you prevail on the sovereign immunity statute. Is there anything – is publication appropriate here? Is there anything that publication would be of value for? Because, I mean, Blue Fox is obviously a Supreme Court case. I can tell you, Your Honors, that I had never heard of the EEOICPA until just a couple years ago when I was introduced to Mr. Foltz. I do – I can tell you that there are more than a dozen of these EEOICPA cases pending before Judge Whaley in my district to the extent that – and I don't know the answer to this – that there are other districts dealing with the EEOICPA. Perhaps a published opinion would be helpful in that regard so that it lays – it gives some understanding of how to proceed between the administrative and the judicial process and what the APA does and doesn't cover. But that's the only thing I can think of with respect to a published opinion. I do believe that Blue Fox is on point. And if it was not a published opinion, I would be relying on Blue Fox and the Supreme Court's decision in the next case. Thank you, Mr. Tank. Thank you very much. Any other questions from the panel? Okay. Now, Mr. Foltz, your time is up, but we said we'd give you one minute for rebuttal. So please keep to that timing. Thank you, Your Honor. Number one, I'm not relying on the printing fee statute, really. That's too complex to connect sovereign immunity with that. Well, it's never really a very good idea to just bring it up the first time in your brief either. I agree, Your Honor. And I regret that I did it because I have given it further thought. It's so convoluted to make a good case out of it, I don't want to waste your time. Now, before I use my minute, I'm relying on the waiver of sovereign immunity that is explicitly given in the Equal Access to Justice Act under 28 U.S.C. 2412 subsection B. And it says it waives sovereign immunity for reasonable attorney fees to the same extent any other party would be liable under common law. Now, that applies to claims against the government. And if the government – now, if you have a claim that any other party would be liable under common law, this would include common-front cases. And there are a series of cases. The others were not a party to your case, were they? Excuse me, sir? The others were not a party to your case. That's correct. It may be res judicata against you or against your clients. But that has no effect on what the government position may be with respect to all the other claimants. Well, with respect to all the other claimants, the claimants – all the other claimants are in the same shoes as my claimant. They're my clients. But I don't know that. Exactly the same. There's no binding effect by the trial court to that effect. Exactly they were, Your Honor, because that's a theory that if I get a recovery for my clients that pleaded for an SEC, an SEC for one is an SEC for everybody who is a member of the same cohort. And it's just by that operation that that occurs. And that goes right back to the doctrine how Common Fund got developed from the very beginning.  Thank you very much, Justice. Waters v. Department of Labor shall be submitted. And the next case on our argument calendar is United States v. Nguyen. I hope I'm pronouncing this right. Juliette T. Bach Nguyen. For appellant, we've got Cheryl Gordon-McLeod. Nice to see you again. And for appellee, Susan Lutz. Nice to see you, too. Okay. This case is set for 20 minutes, 20 minutes argument per side. Counsel may proceed. Counsel is waiting for Mr. Foulds to execute. Okay. Counsel may now proceed. Thank you, Your Honor. And as I said on the last case, if you want to make rebuttal argument, please stop before you use up all your time.
judges: Beezer, Gould, Callahan